Jacob Karczewski (California State Bar No. 268295)
jacob@calljustice.com
Melissa R. Rinehart (California State Bar No. 331315)
m.rinehart@calljustice.com
Samantha J. Costa (California State Bar No. 346526)
samantha@calljustice.com
**LAWYERS *for* JUSTICE, PC**
410 West Arden Avenue, Suite 203
Glendale, California 91203
Tel: (818) 265-1020; Fax: (818) 265-1021

*Attorneys for* Plaintiffs Anthony Wright, Willem Leeks

Deborah F. Birndorf (California State Bar No. 179823)
Debbie.birndorf@nortonrosefulbright.com
Phillip R. Di Tullio (California State Bar No. 324267)
Phillip.ditullio@nortonrosefulbright.com
**NORTON ROSE FULBRIGHT US LLP**
555 South Flower Street, Forty-First Floor
Los Angeles, CA 90071
Tel: (213) 892-9200 / Fax: (213) 892-9494

*Attorneys for* Defendants
C&H Sugar Company, Inc.; American Sugar Refining, Inc.;
ASR Group Commodities (US), LLC

# UNITED STATES DISTRICT COURT FOR THE

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY WRIGHT, WILLEM LEEKS, individually, and on behalf of other members of the general public similarly situated;<br><br>Plaintiff,<br><br>vs.<br><br>C&H SUGAR COMPANY, INC., an unknown business entity; AMERICAN SUGAR REFINING, INC., a Delaware corporation; ASR GROUP COMMODITIES (US), LLC, a Delaware limited liability company; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.: 3:23-cv-06585-MMC<br><br>Honorable Maxine M. Chesney<br><br>**CLASS ACTION**<br><br>**JOINT CASE MANAGEMENT STATEMENT / RULE 26(F) REPORT**<br><br>Action Filed:   October 6, 2023<br>Trial Date:      None Set |

**TO THE HONORABLE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:**

Pursuant to Fed. R. Civ. P. 26(f) and this Court's January 8, 2024 Case Management Conference Order, Plaintiffs Anthony Wright and Willem Leeks, ("Plaintiffs") and Defendants C&H Sugar Company, Inc., American Sugar Refining, Inc., and ASR Group Commodities (US), LLC ("Defendants") (collectively, the "Parties"), by and through their respective counsel of record, file this Joint Rule 26(f) Report.

1. **Jurisdiction and Service**

On October 6, 2023, Plaintiffs filed their Class Action Complaint for Damages in the Contra Costa County Superior Court. ("Plaintiffs' Complaint"). (*See* Dkt. 1-2.) Defendants removed this action to this Court on December 21, 2023. (*See* Dkt. 1). Plaintiffs do not presently contest this Court's subject matter jurisdiction.

2. **Facts**

Plaintiffs are former employees of Defendants. Plaintiffs' Complaint alleges ten (10) causes of action against Defendants for violation of the California Labor Code and California Business and Professions Code, including, *inter alia*, failure to pay overtime and minimum wages, failure to provide meal and rest periods and associated premium payments, failure to timely pay wages during employment and upon termination, failure to provide compliant wage statements, failure to maintain complete and accurate payroll records, and failure to reimburse necessary business-related expenses. (See Dkt. 1-2.)

3. **Legal Issues**

**Plaintiffs' Statement:**

Plaintiffs contend that the principal issues in the case include:

1. Whether Defendants paid Plaintiffs and the putative Class for all unpaid hours worked, including overtime compensation in accordance with California Labor Code §§ 510 and 1198, and the wage orders;

2. Whether Defendants used Plaintiffs and the putative Class earned commissions/non-discretionary bonuses/non-discretionary performance pay to calculate the regular rate of pay used to calculate the overtime rate;

3. Whether Defendants failed to pay Plaintiffs and the putative Class for all hours worked, including minimum wages, in accordance with California Labor Code §§ 1194, 1197, and 1197.1;

4. Whether Defendants provided Plaintiffs and the putative Class with legally compliant meal periods, or premium payments in lieu thereof in accordance with California Labor Code §§ 226.7 and 512, and the wage orders;

5. Whether Defendants provided Plaintiffs and the putative Class with legally compliant rest periods, or premium payments in lieu thereof in accordance with California Labor Code § 226.7, and the wage orders;

6. Whether Defendants paid Plaintiffs and the putative Class all wages earned at the time that their employment separated in accordance with California Labor Code §§ 201 and 202;

7. Whether Defendants paid Plaintiffs and the putative Class all wages earned timely during their employment in accordance with California Labor Code § 204;

8. Whether Defendants unlawfully and/or willfully failed to furnish Plaintiffs and the putative Class accurate, itemized wage statements in accordance with California Labor Code §§ 226 and 1174(d), and the wage orders;

9. Whether Defendants failed to fully indemnify Plaintiffs and the putative Class for their business-related expenses incurred in discharge of their work duties in accordance with California Labor Code §§ 2800 and 2802;

10. Whether Defendants violated the Unfair Competition Law of California, Business & Professions Code § 17200, et seq., by violating the above-cited provisions;

This list is preliminary and not exclusive. Plaintiffs anticipate that more issues will be identified as this matter progresses.

///

**Defendants' Statement:**

Defendants contend the determinative issues in this case include, but are not limited to:

1. Whether Plaintiffs are subject to binding arbitration agreements which require arbitration of individuals claims and include a waiver of both class and representative actions;

2. Whether Plaintiffs are subject to a collective bargaining agreement which includes an exclusive arbitration exhaustion provision;

3. Whether there are questions of law or fact common to the entire putative class;

4. Whether the claims or defenses of the parties are typical of the claims or defenses of the putative class; and

5. Whether Plaintiff is an adequate representative of the putative class.

4. **Motions**

**Plaintiffs' Statement:**

Defendants removed this action to this Court on December 21, 2023. (See Dkt. 1). Plaintiffs anticipate filing a motion for class certification after conducting sufficient pre-certification discovery. Plaintiffs may also bring motions to compel, motions in limine, and any other motions permitted under the Federal Code of Civil Procedure, if and when necessary.

**Defendants' Statement:**

Defendants will bring a motion to compel Plaintiff's individual claims to arbitration and to dismiss the class claims.

5. **Amendment of Pleadings**

Plaintiffs do not anticipate amending the Complaint.

6. **Evidence Preservation**

The Parties have reviewed the Guidelines Relating to the Discovery of Electronically Stored Information ("ESI Guidelines") and have met and conferred pursuant to Fed. R. Civ. P. 26(f) regarding reasonable and proportionate steps to preserve evidence. At this time, the Parties do not anticipate any specific issues regarding the preservation and/or production of ESI. However, the Parties will meet and confer regarding the nature and/or scope of ESI requested, as necessary.

7. **Disclosures**

**Plaintiffs' Statement:**

Plaintiffs are prepared to provide Initial Disclosures within fourteen days following the conference. Plaintiffs do not agree with Defendants' contention that Initial Disclosures are premature at this time.

**Defendants' Statement:**

Defendants contend initial disclosures are premature at this time as Defendants will be moving to compel the individual claims to arbitration and to dismiss the class claims.

8. **Discovery**

**Plaintiffs' Statement:**

The Parties have not engaged in discovery. Plaintiffs anticipate propounding on Defendants Request for Production of Documents (Set One), Interrogatories (Set One), and Interrogatories (Set Two). Plaintiffs will also notice the depositions of Defendants' Rule 30(b)(6) designees. Plaintiffs anticipate propounding additional sets of interrogatories and requests for production. Plaintiffs anticipate taking the depositions of several of Defendants' employees in their individual capacity who interacted with the putative class members and have knowledge of their working conditions. Plaintiffs also anticipate deposing individuals who submit declarations in support of Defendants' opposition to Plaintiffs' motion for class certification. If Defendants file a motion for summary judgment, Plaintiffs will also seek to depose any individuals submitting declarations in support thereof. Pursuant to Federal Rule of Civil Procedure 34(a)(2), Plaintiffs may also conduct a Site Inspection permitting Plaintiffs, their counsel, Plaintiffs' counsel's consultants and/or experts to enter, inspect, measure, survey, photograph, video record, test and sample working locations. Finally, Plaintiffs anticipate engaging in expert discovery.

Following a ruling on Plaintiffs' motion for class certification, Plaintiffs intend to pursue such additional discovery as may be necessary, the subject matter and the scope of which will depend upon the ruling by this Court on the motion for class certification. At that time, Plaintiffs believe it is appropriate for the Court and the Parties to discuss appropriate deadlines for the completion of both fact and expert discovery. If, however, this Court requires that a deadline be

set at this junction, Plaintiffs propose a deadline for the close of discovery of six months from the date of this Court's ruling on Plaintiffs' Motion for Class Certification.

**Defendants' Statement:**

During arbitration of Plaintiff's individual claims, Defendants intend to take written discovery generally on Plaintiff's claims including regarding: (1) Plaintiff's allegations regarding working overtime and off the clock without compensation; (2) Plaintiff's allegations regarding the company's alleged failure to consistently provide timely and compliant meal and rest breaks; and (3) Plaintiff's allegations regarding failure to reimburse business expenses; (4) Plaintiff's allegations regarding the company's alleged failure to provide accurate wage statements; (5) Plaintiff's allegations regarding the company's alleged failure to timely pay wages during employment and at termination. In addition to written discovery, Defendants intend to take Plaintiff's deposition.

9. **Class Actions**

**Plaintiffs' Statement:**

Plaintiffs believe that it is premature to set a deadline for class certification at this time. Plaintiffs anticipate filing a Motion for Class Certification about four months after the completion of pre-certification discovery.

**Defendants' Statement:**

Defendants contend that it is premature to set a deadline for class certification at this time as Defendants' will be moving to compel the individual claims to arbitration and to dismiss the class claims.

10. **Related Cases**

**Plaintiffs' Statement:**

Plaintiffs are not aware of any related cases at this time.

**Defendants' Statement:**

Plaintiff separately filed a complaint in the Superior Court for the County of Contra Costa seeking penalties against Defendants under the Private Attorneys General Act ("PAGA Action").

The claims are identical to those in this case. The PAGA Action has been stayed by the Court pending resolution of this case.

**11. Relief**

**Plaintiffs' Statement:**

At this time, it is premature to provide a calculation of damages in this putative class action because Plaintiffs seek to conduct discovery on this issue. Defendants are in exclusive possession of information that will be used to calculate class damages, including the class members' dates of employment, the number of workweeks worked, the putative class members' rates of pay, putative class members' work schedules, timecard records, wage statements, payroll records, and expense reimbursement records.

**Defendants' Statement:**

Defendants will move to compel Plaintiff's individual claims and to dismiss the class claims.

**12. Settlement and ADR**

**Plaintiffs' Statement:**

The Parties have not yet engaged in preliminary efforts to settle this case. The Plaintiffs are amenable to participating in a private mediation after the Parties have had an opportunity to conduct initial discovery, including completing depositions and receipt of the class data required for valuation/preparation of damage calculations.

**Defendants' Statement:**

Defendants are amenable to participating in private mediation if the case is not resolved through individual arbitration.

**13. Other References**

**Plaintiffs' Statement:**

Plaintiffs do not believe this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

///

///

**Defendants' Statement:**

Plaintiffs in this action are both (1) subject to binding arbitration agreements which require arbitration of individuals claims and include a waiver of both class and representative actions, and (2) subject to a collective bargaining agreement which includes an exclusive arbitration exhaustion provision.

### 14. Narrowing of Issues

**Plaintiffs' Statement:**

Plaintiffs do not believe there are any issues that can be narrowed at this time.

**Defendants' Statement:**

Defendants contend the issues will be resolved through the motion to compel the individual claims to arbitration and to dismiss the class claims.

### 15. Scheduling

**Plaintiffs' Statement:**

Plaintiffs assert that it is premature to determine expert discovery deadlines, and a trial schedule until procedural and jurisdictional issues are resolved.

**Defendants' Statement:**

Defendants assert that it is premature to schedule a trial until the motion to compel the individual claims to arbitration and dismiss the class claims is resolved.

### 16. Trial

**Plaintiffs' Statement:**

Plaintiffs have requested a jury trial. The scope and length of any trial will be substantially impacted by the Court's ruling on Plaintiffs' anticipated motion for class certification. However, Plaintiffs presently estimate approximately two (2) to three (3) days for trial should this case not proceed as a class action, and approximately fourteen (14) days for trial should this case proceed as a class action.

**Defendants' Statement:**

Defendants assert that it is premature to schedule a trial until the motion to compel the individual claims to arbitration and dismiss the class claims is resolved.

**17. Disclosure of Non-party Interested Entities or Persons**

**Plaintiffs' Statement:**

Plaintiffs have no interest to report other than the named Parties, the putative class members, and the State of California.

**Defendants' Statement:**

Defendants submit the following corporate disclosure statement:

American Sugar Refining, Inc. is the parent corporation of C&H Sugar Company, Inc. No publicly held corporation owns 10% or more of C&H Sugar Company, Inc.'s stock. No publicly held corporation owns 10% or more of American Sugar Refining, Inc.'s stock.

**18. Professional Conduct**

All attorneys of record for the Parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.

**19. Other Matters**

The Parties are not aware of any other matters at this time conducive to the just, speedy, and inexpensive resolution of this matter.

Dated: May 17, 2024                    Respectfully Submitted,

**LAWYERS *for* JUSTICE, PC**

By:   /s/Samantha J. Costa
      Jacob Karczewski
      Melissa R. Rinehart
      Samantha J. Costa
      *Attorneys for* Plaintiffs

Dated: May 17, 2024                    Respectfully Submitted,

**NORTON ROSE FULBRIGHT US LLP**

By:   /s/ Phillip R. Di Tulio
      Deborah F. Birndorf
      Phillip R. Di Tullio
      *Attorneys for* Defendants